IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vladislav Iylmaz,<br><br>    Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>    Respondents. | No. CV-25-03331-PHX-DJH (MTM)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging his immigration detention. (Doc. 1.) The Petition is fully briefed.[1] (Docs. 12, 15.) For the reasons that follow, the Petition is granted, and Respondents must either release Petitioner from custody or provide him a bond hearing within seven days.

**I.  Background**

Petitioner is a citizen of Russia who entered the United States on October 21, 2022 to seek asylum after being threatened by the Russian government. (Doc. 1 ¶¶ 47-49.) Respondents initiated removal proceedings against Petitioner on November 3, 2022 and released Petitioner on his own recognizance. (*Id.* ¶¶ 49-50.) Petitioner applied for asylum in February 2023; a master hearing was set for January 13, 2027. (*Id.* ¶¶ 52, 54.) On June 18, 2025, DHS filed a motion to terminate Petitioner's removal proceedings, but the Immigration Judge denied the motion. (*Id.* ¶ 55.) Petitioner was arrested and detained by

---

[1] Petitioner also filed a Motion for Temporary Restraining Order and Preliminary Injunction. Because the Court grants the Petition, the Motion for injunctive relief will be denied as moot.

immigration officials in August 2025. (*Id.* ¶ 56.) His immigration case was sua sponte transferred to the Eloy Immigration Court on September 5, 2025. (*Id.* ¶ 58.) Petitioner filed a custody redetermination before an Immigration Judge, but the Immigration Judge found that the Immigration Court lacked jurisdiction because the Department of Homeland Security ("DHS") classified Petitioner as subject to § 1225(b)(2) under *Matter of Yajure Hurtado*. (*Id.* ¶ 60.)

Petitioner alleges that detention without a bond hearing violates 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1, 1236.1 and 1003.19; the Administrative Procedures Act; and his due process rights. (Doc. 1 at 15-19.) Petitioner requests release from custody or an order directing Respondents to provide him a bond hearing under 8 U.S.C. § 1226.

**I.     Detention Claims -- Discussion**

  **A.     Jurisdictional Arguments**

Respondents first wrongly contend 8 U.S.C. §§ 1252(g)[2] precludes review of Petitioner's claims. (Doc. 12 at 7-8.)   First, § 1252(g) "does not preclude jurisdiction over challenges to the legality of [an alien's] detention." *Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023). *See also Hasan v. Crawford*, 2025 WL 2682255, *4 (E.D. Va. 2025) ("Because Hasan's custody proceedings are independent of, and collateral to, the removal process, § 1252(g) does not serve as a jurisdictional bar. Accordingly, the Court finds that it possesses jurisdiction to entertain Hasan's Petition to the extent he challenges the constitutionality of his detention."). Indeed, the Supreme Court has rejected Respondents' expansive reading of § 1252(g) as covering "'all claims arising from deportation proceedings'" or imposing "'a general jurisdictional limitation.'" *Dept. of Homeland Sec. v. Regents of the U. of Cal.*, 591 U.S. 1, 14 (2020) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

The Ninth Circuit recently reiterated this proposition, explaining a court has "jurisdiction to decide a 'purely legal question' that 'does not challenge the Attorney'

---

[2]   "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).

General's discretionary authority . . . even if the answer to that legal question . . . forms the backdrop against which the Attorney General later will exercise discretionary authority." *Ibarra-Perez v. United States*, No. 24-631, ___ F.4th ___, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)). Petitioner is not challenging the commencement or adjudication of removal proceedings but, rather, his detention without a bond hearing pending the resolution of those proceedings. Thus, § 1252(g) does not apply. *Id.* at *6-7.

### B.     Merits

Respondents maintain Petitioner is an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). True, Petitioner was an arriving alien in 2022, yet Respondents ignore that he was thereafter paroled into the United States and placed in removal proceedings under § 1229. In addition, Respondents offer no argument or evidence to support that Petitioner's order of release on his own recognizance was ever revoked and, if so, whether that revocation complied with the applicable regulations. Because the Court finds Petitioner is detained pending full removal proceedings, the Court finds his detention is subject to § 1226(a) and he is entitled to a bond hearing.[3] The Court will therefore grant relief as to Count One and deny the remaining claims as moot.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that existed before his detention.

---

[3] On December 18, 2025, the a Central District of California court entered judgment in a class action likely covering Petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025). Further, on December 11, 2025, the Seventh Circuit concluded the DHS and the U.S. Immigration and Customs Enforcement were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025).

3. Respondents must provide a notice of compliance within **two days** of releasing Petitioner or providing him a bond hearing.
4. All remaining motions are denied as moot.
5. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 15th day of January, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge